```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DONALD CUDAK,

                    Plaintiff,
                                              ORDER
          -against-                           21-CV-1250 (JS)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Christopher J. Bowes, Esq.
                    Law Office of Christopher James Bowes
                    54 Cobblestone Drive
                    Shoreham, NY 11786

For Defendant:      Frank D. Tankard, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    271 Cadman Plaza East
                    Brooklyn, New York 11201
```

SEYBERT, District Judge:

Plaintiff Donald Cudak ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), challenging the denial of his application for Social Security Disability Insurance Benefits by the Commissioner of Social Security (the "Commissioner"). (See Compl., ECF No. 1.) Pending before the Court are the parties' cross-motions for judgment on the pleadings. (See Pl. Motion, ECF No. 9; Pl. Support Memo, ECF No. 10; Comm'r Cross-Motion, ECF No. 13; Comm'r Support Memo, ECF No. 13-1; Pl. Reply, ECF No. 15; see also Administrative

1

Record., ECF No. 7.[1])  For the following reasons, Plaintiff's Motion (ECF No. 9) is DENIED, and the Commissioner's Cross-Motion (ECF No. 13) is GRANTED.  This matter is remanded to the ALJ for all further proceedings.

Plaintiff contends the ALJ's September 23, 2019 decision should be reversed and the action remanded to the Commissioner "solely for the calculation of disability benefits." (Pl. Support Memo at 26.)  In support of his contention, Plaintiff advances four primary arguments: (1) the opinion of Plaintiff's treating physician, Dr. Divaris, which should have been given "controlling weight" by the ALJ, establishes that Plaintiff cannot meet the standing and walking demands of sedentary work; (2) the ALJ placed "undue weight" on the opinions of consulting and non-examining physicians, Doctors Basnayake, Fuchs, and Urbanaik, which "fail[ed] to rise to signifigant evidence" which would "undermine[] the treating physician"; (3) the ALJ identified jobs that Plaintiff could purportedly perform, however such jobs required overhead reaching which Plaintiff could not do according to the Dictionary of Occupational Titles ("DOT") and Selected Characteristics of Occupations ("SCO"); and (4) the jobs identified by the ALJ do "not exist in substantial numbers in the

---

[1]  Hereafter, the Court shall cite to the Administrative Record as "R" (for "Record") and provide the relevant Bates Stamp number(s).

national economy." (See Pl. Support Memo at 16, 19, 21-23, 24-25.)

The Commissioner agrees that this action should be remanded. In particular, the Commissioner posits the ALJ failed to: (1) "properly evaluate the medical opinions of treating physician Dr. Divaris" particularly in relation to C.F.R. § 404.1527; and (2) "resolve a conflict between the vocational expert's testimony and the DOT regarding the overhead reaching requirements of the jobs the vocational expert identified as required." (Comm'r Support Memo at 17.) However, the Commissioner avers this matter should be remanded, not solely for the determination of benefits as requested by Plaintiff, but rather, "for further administrative proceedings" so the ALJ's legal errors can be resolved and so that the ALJ can resolve any conflicts amongst the submitted medical evidence. (Id. at 18.) The Commissioner argues, a remand solely for a benefits determination is not appropriate here because "[t]he record contains conflicting medical evidence that could plausibly command a legally sufficient denial of benefits and the discretion to resolve those conflicts lies solely with the Commissioner." (Id.)

The Court agrees with both parties that the ALJ "erred by inadequately explaining his evaluation of Dr. Divaris' standing and walking limitations" and thus this case must be remanded. (See Comm'r Support Memo at 19; Pl. Support Memo at 18-19.)  Indeed,

3

upon reviewing the ALJ Decision, the Administrative Record, and the parties' submissions, it is clear the ALJ erred by according "less weight" to Dr. Divaris' opinion concerning Plaintiff's ability to "stand walk one hour in an eight hour workday and fifteen minutes without interruption and sit four hours in an eight-hour workday and one hour without interruption" because, according to the ALJ, "there is little to no support for any limitation with sitting." (R. at 41.) Not only is the ALJ's explanation of the weight afforded to Plaintiff's treating physician severely lacking in analysis, but it is also especially puzzling where, by the ALJ's own admission, "the opinions of [Dr. Divaris][2] are generally consistent with the clinical signs of record." (Id.) The ALJ was required to provide "good reasons" for its decision to accord less weight to Plaintiff's treating physician and its failure to do so is alone a basis for remand. See Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided "good reasons" for the weight given to a treating physician[']s opinion and we will continue remanding when we encounter opinions from ALJ[]s that do not comprehensively set forth reasons for the weight

---

[2] The Court notes the ALJ refers repeatedly to Plaintiff's treating physician as doctor "Nicholas Divans", notwithstanding the fact that the name of Plaintiff's treating physician is "Nicholas Divaris." The Court presumes, based upon its review of the record and the parties' submissions, this is yet another error made on the part of the ALJ.

4

assigned to a treating physician's opinion."); see also Rosa v. Callahan, 168 F.3d 72, 82 (2d Cir. 1999) ("Where there are gaps in the administrative record or the ALJ applied the improper legal standard, we have, on numerous occasions, remanded to the [Commissioner] for further development of the evidence.") (quoting Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996)).[3]

Plaintiff argues the Court should make the factual determination that Plaintiff is disabled and remand solely for the calculation of benefits. (Pl. Support Memo at 21.) A remand solely for the calculation of benefits is "an extraordinary action and is only proper when further development of the record would serve no purpose." Rivera v. Barnhart, 379 F. Supp. 2d 599, 604 (S.D.N.Y. 2005) (citing Rosa v. Callahan, 168 F.3d 72, 83 (2d Cir. 1999) (stating remand for the calculation of benefits is appropriate where the Court "ha[s] no apparent basis to conclude that a more complete record might support the Commissioner's decision")).

Upon review of the parties' submissions, the ALJ decision, and the Administrative Record, the Court acknowledges

---

[3] Because the Court finds remand is necessary for the reasons discussed herein, "the Court need not and does not address Plaintiff's remaining arguments." Kelly v. Comm'r of Soc. Sec., No. 20-CV-5318 (JS), 2024 WL 5120051, at *13 (E.D.N.Y. Dec. 16, 2024). However, because the parties agree the ALJ failed to reconcile the apparent conflict between the vocational expert's testimony and the DOT and SCO, the Court further remands this case to the ALJ for additional proceedings as to that issue.

there is sufficient evidence to suggest Plaintiff is indeed disabled based upon Dr. Divaris' assessment of Plaintiff's standing and walking limitations. (See R. at 41.) Notwithstanding such evidence, there is also some, albeit very minimal, evidence in the record that could suggest Plaintiff's limitations are not as severe as indicated by Dr. Divaris.  By way of example, consultative doctor, Dr. Basnayake, indicated Plaintiff had "moderate limitations for prolonged standing, walking, [and] climbing" (R. 497) but did not appear to elaborate as to the effect of those limitations on Plaintiff's ability to perform sedentary work.

"[I]n cases where 'the ALJ failed to develop the record sufficiently to make' appropriate disability determinations," the Court should "remand for 'further findings [that] would so plainly help to assure the proper disposition of [the] claim." Butts v. Barnhart, 388 F.3d 377, 386 (2d Cir. 2004) (citing Rosa 168 F.3d at 83), as amended on reh'g in part, 416 F.3d 101 (2d Cir. 2005). Moreover, where, as here, the "evidence in the record is mixed" as to a Plaintiff's disability or "level of functioning," such evidence is for the ALJ to evaluate on remand, not the District Court.  See Murphy v. Saul, No. 20-CV-261, 2021 WL 1318044, at *1 (E.D.N.Y. Apr. 8, 2021) (finding remand solely for the calculation of benefits inappropriate "where the evidence in the record [was] mixed as to when the claimant became disabled").  Accordingly,

Plaintiff's request for remand solely for the calculation of benefits (ECF No. 9) is DENIED and the Commissioner's Cross-Motion for Remand (ECF No. 13) is GRANTED.  This case is remanded to the ALJ for all further proceedings.  Such proceedings shall be conducted within 120 days of this Order.  If, upon remand, the ALJ denies Plaintiff's claim, the Commissioner shall issue a final decision within 60 days of any appeal of that denial.  See id.

        **SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    January 30, 2025
           Central Islip, New York